UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSE DANIEL LEAL,**

    **Plaintiff,**

v.                                                                                                  **Case No.: 8:15-CV-585-T-36EAJ**

**MANUEL FRANCO,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Jose Daniel Leal's ("Plaintiff's") **Affidavit of Indigency** (Dkt. 13), which the Court construes as a motion to proceed in forma pauperis,[1] and Plaintiff's **Second Amended Complaint** (Dkt. 14).

In a previous Order, Plaintiff's complaint, purporting to bring a civil action against attorney Manuel Franco relating to representation in workers' compensation and Social Security disability proceedings, was dismissed without prejudice because the complaint did not demonstrate that diversity of citizenship exists and that the amount in controversy exceeds $75,000.00, conferring jurisdiction over Plaintiff's state law negligence and legal malpractice claims against Manuel Franco. (Dkt. 6) Plaintiff was given leave to file an amended complaint establishing jurisdiction and to file an amended motion to proceed in forma pauperis. (Id.)

Here, Plaintiff has submitted a properly notarized Affidavit of Indigency (Dkt. 13), which states that he is married and has two children. Plaintiff has been unemployed since May 2002. Plaintiff's spouse is employed and earns $330.00 per week, and Plaintiff receives $65.00 per month

---

[1] The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person.

in welfare aid. Plaintiff owns a home valued at $135,000.00 but owes $132,500.00 to a lender. Additionally, Plaintiff owns a vehicle valued at $1,200.00 and $60.00 in total cash. His monthly mortgage payment is $1,120.00. Based on the foregoing, Plaintiff has established the requisite inability to proceed without paying the costs of this action.

However, without regard to Plaintiff's indigency status, Plaintiff's second complaint is subject to dismissal because it fails to establish this Court's jurisdiction. Plaintiff attempts to establish this Court's jurisdiction by alleging that Mauel Franco violated his Fifth Amendment right to due process. (Dkt. 14) However, "[t]he Fifth Amendment 'is a limitation only upon the powers of the General Government,' and is not directed against the action of individuals." Corrigan v. Buckley, 271 U.S. 323, 330 (1926) (internal citations omitted). Additionally, even if the Court were to construe Plaintiff's second amended complaint as an action under 42 U.S.C. § 1983, private attorneys do not act under color of state law, and an attorney's representation of a client is private conduct. See Johnson v. Wilbur, 375 F. App'x 960, 964 (11th Cir. 2010) (per curiam) (unpublished).[2]

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)   Plaintiff's Affidavit of Indigency (Dkt. 13) be **DENIED**; and

(2)   Plaintiff's second amended complaint (Dkt. 14) be dismissed for failure to state a claim.

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

**DATE: May 7, 2015**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge