UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE LEAL,

    Plaintiff,

v.                                                    Case No: 8:15-cv-585-T-36EAJ

MANUEL FRANCO,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Elizabeth A. Jenkins on May 7, 2015 (Doc. 15). In the Report and Recommendation, Magistrate Judge Jenkins recommends that the Court deny Plaintiff's Affidavit of Indigency (Doc. 13) and dismiss the Second Amended Complaint (Doc. 14) for failure to state a claim. All parties were furnished copies of the Report and Recommendation ("R&R") and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff filed an objection (Doc. 16).

Plaintiff, appearing *pro se*, filed his initial complaint in this action and a motion seeking leave to proceed *in forma pauperis* ("IFP") on March 17, 2015. *See* Docs. 1 and 2. Magistrate Judge Elizabeth Jenkins denied Plaintiff's initial IFP motion without prejudice because his Complaint, which appears to seek workers' compensation benefits, failed to state a basis for this Court's subject matter jurisdiction over his claim. *See* Doc. 6. Plaintiff filed an amended complaint and second IFP motion on April 17, 2015. *See* Docs. 12 and 13. Plaintiff then filed a Second Amended Complaint (Doc. 14) on April 23, 2015. On May 7, 2015, Magistrate Judge Jenkins issued the instant R&R, recommending that Plaintiff's IFP motion be denied and the Second Amended Complaint be dismissed because it still did not provide a basis for this Court to exercise

subject matter jurisdiction over his claims. *See* Doc. 15. Plaintiff filed his objection to the R&R on May 20, 2015. *See* Doc. 16.

In his objection, Plaintiff alleges that he is suing Defendant Manuel Franco, his former attorney, for racial discrimination and due process violations based on the Fifth Amendment to the U.S. Constitution and "[l]aws prohibiting national origin discrimination . . . ." Doc. 16 at p. 1. The Second Amended Complaint does mention due process, but it does not mention any violations of any laws prohibiting national origin discrimination. Plaintiff has not requested or been granted leave to file a third amended complaint and, therefore, only the claims that are actually alleged in the Second Amended Complaint can be considered. Furthermore, Plaintiff has not specified which laws prohibiting discrimination he is relying on, and his pleadings do not provide sufficient information to determine whether a claim has been stated under any such law.

If Plaintiff sufficiently alleged a claim under the United States Constitution, this Court would have federal question jurisdiction over this suit, under 28 U.S.C. § 1331. To state a claim for due process violations, however, the Plaintiff must allege that the Defendant was a government actor. *See, e.g., Grayden v. Rhodes,* 345 F.3d 1225, 1232 (11th Cir. 2003) (noting that a procedural due process claim requires proof of "state action"); *Duke v. Massey,* 87 F.3d 1226, 1231 (11th Cir. 1996) (noting that all constitutional claims require an allegation that "the person engaged in the conduct complained of was acting under color of state law"). Here, there are no allegations that would support a claim that Leal's former attorney, Defendant Manuel Franco, was acting under color of state law. The pleadings indicate only that Franco represented Leal in a workers' compensation matter in Hillsborough County Court over ten years ago. Judge Jenkins came to the same conclusion in her R&R, noting that:

> "[t]he Fifth Amendment 'is a limitation only upon the powers of the General Government,' and is not directed against the action of individuals." *Corrigan v. Buckley,* 271 U.S. 323, 330 (1926) (internal citations omitted). Additionally, even if the Court were to construe Plaintiff's second amended complaint as an action

2

> under 42 U.S.C. § 1983, private attorneys do not act under color of state law, and an attorney's representation of a client is private conduct. *See Johnson v. Wilbur,* 375 F. App'x 960, 964 (11th Cir. 2010) (*per curiam*)

Doc. 15 at p. 2. Thus, Plaintiff has not stated a claim for a constitutional violation and there is no federal question jurisdiction here.

Without a basis for subject matter jurisdiction, this Court cannot preside over this action. Accordingly, having considered the Report and Recommendation, and Plaintiff's objection, the objection will be overruled. Upon this Court's independent examination of the file, it is now

**ORDERED AND ADJUDGED that**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 15) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review. Plaintiff's objection to the Report and Recommendation is OVERRULED.

(2) Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 13) is DENIED.

(3) Plaintiff's Second Amended Complaint is DISMISSED without prejudice for failure to state a claim.

(4) The Clerk is directed to terminate all pending motions and close this file.

**DONE AND ORDERED** at Tampa, Florida on June 11, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Elizabeth A. Jenkins
Counsel of Record